UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| GLENN ROLLEN, by his next friend, ) <br> JAMES R. BELL, JR., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> ANTHONY SWOBODA, et al., ) <br> ) <br> Defendant(s). ) | Case No. 2:08CV34 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss of Defendants The City of Bowling Green, Missouri, Kevin Coates, and Unknown Police Officers 6-10 (collectively "Defendants"), filed September 24, 2008. (Doc. No. 11). The matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Glenn Rollen ("Rollen") is an African-American adult male who resided, at all relevant times, in the City of Bowling Green, Missouri. (Verified Complaint for Violation of Civil Rights ("Complaint" or "Compl."), ¶ 1). At all relevant times Defendant Kevin Coates ("Coates") was a uniformed police officer for the City of Bowling Green. (Id., ¶ 7). Defendants Unknown Officers 6-10 were also police officers for the City of Bowling Green. (Id., ¶ 8).

On July 23, 2004, Coates responded to an alleged dispatch call for a domestic disturbance at a residence owned and occupied by Rollen. (Compl., ¶ 14; Memorandum in Support of Defendants Kevin Coates, City of Bowling Green, Missouri, and Unknown Officers 6-10's Motion to Dismiss ("Defendants' Memo in Support"), P. 1). Rollen's mother ("Mother"), the alleged victim of the

---

[1] The majority of the Court's background section is taken from Plaintiff Glenn Rollen's Complaint, to which Defendants have not yet filed an answer.

disturbance, answered the door, but Coates did not interview or attempt to interview her. (Compl., ¶ 14). Mother did not invite or consent to Coates entering the premises. (Id.). Coates informed Mother he possessed a warrant allowing him to enter without her consent, but did not present her with a copy of such warrant. (Id., ¶ 15).

Once inside the home, Coates encountered Rollen exiting his bathroom. (Compl., ¶ 16). Coates allegedly noticed a can of beer in the bathroom, and believed Rollen to be "very intoxicated." (Id.). Coates then took Rollen into custody for a twelve-hour detoxification hold. (Id., ¶¶ 18, 21; Defendants' Memo in Support, P. 2). Coates transported Rollen to a jail owned, operated and controlled by Defendant City of Louisiana, Missouri, at which point he relinquished physical custody of Rollen. (Compl., ¶¶ 26, 27). Rollen maintains while he was in the custody of the City of Louisiana, he was subjected to unsanitary conditions, threats and intimidation, brutality, and unreasonable, excessive force. (Id., ¶ 32).

On July 22, 2008, Rollen brought the instant Complaint pursuant to the First, Fourth, and Fourteenth Amendments, and 42 U.S.C. §§ 1983 and 1985. (Doc. No. 1). Rollen asserts the following specific causes of action against Defendants: Deprivation of Civil Rights while Acting under Color of Law: Unreasonable Search and Seizure (Count I); and Deprivation of Civil Rights While Acting under Color of Law: Unreasonable Detention and Excessive Force (Count II).

As stated above, Defendants filed the instant Motion to Dismiss on September 24, 2008. (Doc. No. 11). In their motion, Defendants maintain Rollen has failed to state a cause of action against them, and further, that Defendant Coates is entitled to official immunity for his actions. (Id.).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the

Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citations omitted).

## DISCUSSION

### I. Unlawful Search And Seizure Against Defendant Coates

In his Motion to Dismiss, Defendant Coates first alleges he is entitled to qualified immunity for his actions in taking Rollen into custody. (Defendants' Memo in Support, PP. 2-4). "Government officials are entitled to qualified immunity from suit under 42 U.S.C. § 1983 if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Johnson v. Board of Police Com'rs, 2007 WL 1629909 at *1 (E.D. Mo. Jun. 4, 2007) (internal quotations and citations omitted).

The Supreme Court recently held that, "[i]n resolving questions of qualified immunity, courts are required to resolve a threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 1774, 167 L.Ed.2d 686 (2007) (internal quotations and citation omitted).[2] "If, and only if, the court finds a violation of a constitutional right, the next, sequential step

---

[2] If the plaintiff has not asserted the violation of a constitutional right, the Court must dismiss the suit. Cross v. City of Des Moines, 965 F.2d 629, 632 (8th Cir. 1992).

is to ask whether the right was clearly established....in light of the specific context of the case." Id. (internal quotations and citation omitted). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

As stated above, in his Complaint Rollen alleges he was subjected to an unreasonable search and seizure, in violation of the Fourth and Fourteenth Amendments. (Compl., ¶¶ 67-70). Specifically, Rollen maintains Defendant Coates falsely represented he possessed a valid warrant, and then entered Rollen's home without a warrant or consent, and without the existence of exigent circumstances. (Id., ¶ 68-69).

"The Fourth Amendment to the United States Constitution guarantees that citizens will not be subject to unreasonable searches or seizures." Simmons v. State, 247 S.W.3d 86, 90 (Mo. App. 2008), citing U.S. Const. amend. IV.

> A search conducted without a warrant is presumptively unreasonable. An exception to the general rule that a search requires a warrant exists when exigent circumstances are present. Exigent circumstances exist if the time needed to obtain a warrant would endanger life, allow a suspect to escape, or risk the destruction of evidence.

Id. (internal citations omitted).

Upon consideration, the Court finds that with his allegations of warrantless entry, Rollen successfully has asserted the violation of a clearly established constitutional right, sufficient to withstand Defendant Coates' Motion to Dismiss. See, e.g., Schlothauer v. Robinson, 757 F.2d 196, 197 (8th Cir. 1985) ("It is now clearly established that the fourth amendment prohibits a warrantless entry into a suspect's home to make a routine felony arrest absent consent or exigent circumstances."). Further, upon review of the record, the Court finds an issue of fact remains with

respect to whether exigent circumstances existed, sufficient to justify the warrantless entry. In other words, absent further evidence regarding the domestic disturbance dispatch call allegedly received by Defendant Coates, the Court is unwilling to hold as a matter of law that his actions in entering the residence were necessary to protect Rollen's mother. Coates' Motion to Dismiss on the basis of qualified immunity must therefore be denied.[3]

## II. Section 1985 Conspiracy Claim

Defendants next assert Rollen fails to state a claim for conspiracy to violate his civil rights under 42 U.S.C. §1985. (Defendants' Memo in Support, PP. 7-8). In order to show a conspiracy to violate civil rights, Rollen must allege:

> (1) the defendants conspired, (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, that (3) one or more of the conspirators did or caused to be done any act in furtherance of the conspiracy, and (4) as a result, another was injured in his person or property or deprived of having and exercising any vital privilege of a citizen.

Dubray v. Rosebud Housing Authority, 565 F.Supp. 462, 466 (D.S.D. 1983) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 1798-99, 29 L.Ed.2d 338 (1971)).

With respect to the first requirement under Dubray, the allegation of a conspiracy, "[i]t is well settled that conclusory allegations of a conspiracy are insufficient to state a claim under § 1985(3)." Dubray, 565 F.Supp. at 466 (citation omitted). Rather, "[t]here must be some showing of facts to

---

[3] Defendant Coates further maintains his actions in placing Rollen on a detoxification hold and transporting him to a local facility were based on a valid state statute, and thus protected by qualified immunity. (Defendants' Memo in Support, P. 3). In light of the Court's above ruling denying the Motion to Dismiss with respect to the initial entry, however, the Court finds it appropriate to permit further discovery on this point as well. All Defendants' Motion to Dismiss with respect to Coates' actions in taking Rollen into custody and transporting him to the City of Louisiana jail will therefore be denied.

support a conspiracy claim." Id. In the instant Complaint, the sole references to a conspiracy involving the Bowling Green Defendants are as follows:

> 18. Said Defendant [Coates] apparently believed it was a criminal act to be "intoxicated" while in the privacy of one's own home because he conspired with other police officials against Plaintiff and took him into custody without any allegation that Plaintiff committed any crime or infraction in his presence.
>
> 19. To the extent that Plaintiff's alleged apparent intoxication in private did not constitute a criminal offense or infraction, Defendant [Coates] conspired with other police officials against Plaintiff and "arrested" him without the requisite warrant or probable cause in light of § 544.180 RSMo.

(Compl., ¶¶ 18, 19).

Upon consideration, the Court finds that with these allegations, Rollen fails to assert specific facts establishing a conspiracy claim against Defendants. See Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995) (plaintiff must provide "what acts the individual defendants are accused of that could result in liability"). Rather, Rollen makes only conclusory statements regarding Defendant Coates' alleged involvement in the conspiracy, and provides no supporting facts tending to suggest either racial or class based discrimination, or a mutual understanding or meeting of the minds on the part of Defendants. Defendants' Motion to Dismiss Rollen's 42 U.S.C. § 1985 conspiracy claim with respect to Defendants Coates, City of Bowling Green, and Unknown Police Officers 6-10 must therefore be granted.[4] See, e.g., Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993).

### III. Unreasonable Force And Custodial Detention Against Defendant City Of Bowling Green

In their Motion to Dismiss, Defendants next assert Count II of Rollen's Complaint must be dismissed as to Defendant City of Bowling Green, because the City cannot be held vicariously liable under Section 1983. (Defendants' Memo in Support, PP. 8-9). Under Supreme Court law, "[a]

---

[4] Rollen's Section 1985 conspiracy claim survives with respect to remaining Defendants Anthony Swoboda, the City of Louisiana, Missouri, and Unknown Police Officers 1-5.

- 6 -

governmental entity may not generally be held liable for the allegedly unconstitutional acts of its employees under the doctrine of *respondeat superior*." Brown v. Horn, 2006 WL 744320 at *2 (E.D. Mo. Mar. 21, 2006), citing Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Rather a plaintiff seeking to impose such liability is required to identify either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury." Jackson v. East Prairie Police Dept., 2006 WL 156717 at *2 (E.D. Mo. Jan. 20, 2006) (internal quotations and citation omitted).

In the instant case, Rollen alleges only that Defendant City of Bowling Green has a policy or custom of entrusting detainees to the City of Louisiana.[5] (Compl., ¶¶ 54, 71). Rollen then attempts to hold Defendant City of Bowling Green liable for the alleged misconduct on the part of the City of Louisiana and its officers, under an agency theory. (Id., ¶ 28). Such theory is unavailable under Section 1983, and so this portion of Defendants' Motion to Dismiss must be granted.[6] See Monell, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.").

## IV. Exemplary Damages Against City Of Bowling Green

In its final argument, Defendant City of Bowling Green asserts municipalities are immune from the imposition of punitive damages under a § 1983 claim. (Defendant's Memo in Support, P. 11). Upon consideration, the Court agrees punitive damages are not available against a municipality. See Jackson v. East Prairie Police Dept., 2006 WL 156717 at *3, citing City of Newport v. Fact

---

[5] Rollen does not allege it was the policy or custom of the City of Bowling Green to permit the City of Louisiana and its officers to employ excessive force with its detainees.

[6] Individual Defendant Coates may not be held liable under any theory involving official custom or policy. Thus, because there is no indication Coates was present during the alleged abuse, or possessed any control over the City of Louisiana or its officers, his Motion to Dismiss Rollen's claims regarding unreasonable detention and excessive force must be granted as well.

Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981). The Court thus will grant this portion of Defendants' Motion to Dismiss, and strike Rollen's claim for punitive damages against the City of Bowling Green.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss of Defendants The City of Bowling Green, Missouri, Kevin Coates, and Unknown Police Officers 6-10 (Doc. No. 11) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this 18th day of December, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE