UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| GLENN ROLLEN, by his next friend, ) | |
| JAMES R. BELL, JR., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:08CV34 JCH |
| ) | |
| KEVIN COATES, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Kevin Coates and the City of Bowling Green's (collectively "Defendants") Motion to Strike Plaintiff's Amended Complaint for Violation of Civil Rights, or in the Alternative to Dismiss (hereinafter "Motion to Dismiss"), filed April 23, 2009.[1] (Doc. No. 29). The matter is fully briefed and ready for disposition.

**BACKGROUND**[2]

Plaintiff Glenn Rollen ("Rollen") is an African-American adult male who resided, at all relevant times, in the City of Bowling Green, Missouri. (Amended Complaint for Violation of Civil Rights ("Complaint" or "Compl."), ¶ 1). At all relevant times Defendant Kevin Coates ("Coates") was a uniformed police officer for the City of Bowling Green. (Id., ¶ 11).

---

[1] Defendants' Motion to Strike apparently is based on Plaintiff's filing his Amended Complaint out of time. The Court granted Plaintiff's Motion for Leave to File Out of Time on May 18, 2009, however, and so Defendants' Motion to Strike will be denied.

[2] The majority of the Court's background section is taken from Plaintiff Glenn Rollen's Amended Complaint for Violation of Civil Rights, to which Defendants have not yet filed an answer.

On July 23, 2004, Coates responded to an alleged dispatch call for a disturbance at a residence owned and occupied by Rollen.[3]  (Compl., ¶ 18).  Rollen's mother ("Mother"), the alleged victim of the disturbance, answered the door, but Coates did not interview or attempt to interview her.  (Id.). Mother did not invite or consent to Coates' entering the premises.  (Id., ¶ 19).  Coates informed Mother he possessed a warrant allowing him to enter without her consent, but did not present her with a copy of such warrant.  (Id., ¶ 20).

Once inside the home, Coates encountered Rollen exiting his bathroom.  (Compl., ¶ 21). Coates allegedly noticed a can of beer in the bathroom, and believed Rollen to be "very intoxicated." (Id.).  Coates then took Rollen into custody for a twelve-hour detoxification hold.  (Id., ¶¶ 23, 27). Coates transported Rollen to a jail owned, operated and controlled by the City of Louisiana, Missouri, at which point he relinquished physical custody of Rollen.  (Id., ¶¶ 32, 33).  Rollen maintains while he was in the custody of the City of Louisiana, he was subjected to unsanitary conditions, threats and intimidation, brutality, and unreasonable, excessive force.  (Id., ¶ 38).

Rollen filed his original Complaint in this matter on July 22, 2008.  (Doc. No. 1).  In his original Complaint, Rollen asserted the following causes of action against Defendants:  Deprivation of Civil Rights while Acting under Color of Law:  Unreasonable Search and Seizure (Count I)[4]; and Deprivation of Civil Rights While Acting under Color of Law:  Unreasonable Detention and

---

[3] According to Rollen, Coates responded to the residence with Casey Hutsell ("Hutsell"), another police officer with the City of Bowling Green.  (Compl., ¶¶ 12, 18).  Hutsell is a named Defendant in this matter, but does not join in the instant motion.

[4] Count I was based on Coates' alleged entry into Rollen's residence without a warrant, consent, or exigent circumstances, and his subsequent arrest or detention of Rollen for a twelve hour detoxification hold.  (Original Compl., ¶¶ 67-70).

Excessive Force (Count II).[5] Rollen sought declaratory relief, together with compensatory and punitive damages.

Defendants moved to dismiss Rollen's original Complaint, and in an Order entered December 18, 2008, the Court held as follows:

1. Defendant Coates was not entitled to qualified immunity for his actions in taking Rollen into custody[6] and placing him on a detoxification hold;

2. Rollen failed to state a claim for conspiracy to violate his civil rights under 42 U.S.C. § 1985 against Defendants;

3. Rollen failed to state a claim against Defendant City of Bowling Green for unreasonable force and custodial detention, because the City could not be held vicariously liable under 42 U.S.C. Section 1983;

4. Rollen failed to state a claim against Defendant Coates for unreasonable force and custodial detention, because there was no indication he was present during the alleged abuse, or possessed any control over the City of Louisiana or its officers; and

5. Rollen failed to state a claim for punitive damages against the City of Bowling Green, because municipalities are immune from the imposition of such damages under § 1983.

(Doc. No. 18).

Rollen filed his Amended Complaint in this matter on April 14, 2009. (Doc. No. 26). In his Amended Complaint, Rollen asserts the following causes of action against Defendants Coates and City of Bowling Green: Request for Declaratory Judgment (Count I)[7]; Deprivation of Civil Rights

---

[5] Count II was based on Defendants' entrustment of Rollen to the City of Louisiana jailers. (Original Compl., ¶¶ 71-76).

[6] Specifically, the Court held that with his allegations of a warrantless entry without consent, Rollen successfully had asserted the violation of a clearly established constitutional right, and an issue of fact remained with respect to whether exigent circumstances existed, sufficient to justify the warrantless entry. (Doc. No. 18, PP. 4-5).

[7] In Count I, Rollen requests that the Court make the following declarations: that, in light of § 67.305 RSMo, § 67.315 did not authorize Coates and Hutsell to take Rollen into a twelve-hour detox hold; that Coates and Hutsell unlawfully searched and/or entered Rollen's residence on July

while Acting under Color of Law: Unreasonable Search and Seizure (Count II)[8]; and Deprivation of Civil Rights While Acting under Color of Law: Unreasonable Detention and Excessive Force (Count III)[9]. Rollen again seeks declaratory relief, together with compensatory and punitive damages. (Compl., PP. 12, 13, 15).

As stated above, Defendants filed the instant Motion to Dismiss on April 23, 2009. (Doc. No. 29). In their motion, Defendants maintain portions of Rollen's Amended Complaint must be dismissed, because he re-alleges claims previously dismissed by this Court in its Order of December 18, 2008. (Id.).

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for

---

23, 2004; that the City of Bowling Green's policy and/or custom of arresting individuals believed to be intoxicated while in the privacy and security of their own homes is unlawful; and that the City of Bowling Green's policy and/or custom of "detoxification holds" is unlawful absent some allegation of intoxication in a public place and Order enjoining same. (Compl., P. 12).

[8] Count II alleges Coates and Hutsell's detention of Rollen pursuant to § 67.315 RSMo and a Bowling Green police department policy and/or custom constituted an unreasonable search and seizure, in violation of the Fourth and Fourteenth Amendments. (Compl., ¶¶ 80-84).

[9] Count III is based on Defendants' entrustment of Rollen to the City of Louisiana jailers, and Coates' alleged conspiracy with Defendants Swoboda and/or Abt to place Plaintiff alone in an unsanitary jail cell mired in vomit. (Compl., ¶¶ 85-97).

Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

**I. Section 1985 Conspiracy Claim Against Defendant Coates**

In their Motion to Dismiss, Defendants first assert Rollen fails to state a claim for conspiracy to violate his civil rights under 42 U.S.C. §1985 against Defendant Coates. (Memorandum in Support of Defendant Kevin Coates and the City of Bowling Green, Missouri's Motion to Strike or in the Alternative, Motion to Dismiss ("Defendants' Memo in Support"), PP. 2-3). In order to state a claim under § 1985(3), Rollen must allege:

> (1) the defendants conspired, (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, that (3) one or more of the conspirators did or caused to be done any act in furtherance of the conspiracy, and (4) as a result, another was injured in his person or property or deprived of having and exercising any vital privilege of a citizen.

Criswell v. City of O'Fallon, Mo., 2007 WL 1760744 at *5 (E.D. Mo. Jun. 15, 2007), quoting Dubray v. Rosebud Housing Authority, 565 F.Supp. 462, 466 (D.S.D. 1983) (citation omitted). To state a claim for conspiracy under 42 U.S.C. § 1983[10], Plaintiff must show: "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act

---

[10] In his Complaint, Plaintiff alleges Defendants Coates, Abt and Swoboda were part of either a Section 1983 or a Section 1985 conspiracy. (Compl., P. 14).

injured the plaintiff." White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008) (citation omitted). Further, "[i]t is well settled that conclusory allegations of a conspiracy are insufficient to state a claim under § 1985(3)." Dubray, 565 F.Supp. at 466 (citation omitted). Rather, "[t]here must be some showing of facts to support a conspiracy claim." Id. See also Alton v. Faerber, 2009 WL 2235913 at *2 (E.D. Mo. Jul. 27, 2009) (citation omitted) ("To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a 'meeting of the minds' concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss.").

In the instant Complaint, the sole references to a conspiracy involving Defendant Coates are as follows:

> 39. More specifically, Defendant Swoboda conspired with Defendant Coates and placed Plaintiff alone in a jail cell which had a conspicuous amount of vomit left unattended from a previous inmate, William Butler.
>
> 88. Defendants Coates, Swoboda, and/or Abt conspired to place Plaintiff alone in an unsanitary jail cell mired in vomit.
>
> 89. Said conspiracy was motivated by Plaintiff's race, gender, and/or mental disability.

(Compl., ¶¶ 39, 88-89).

Upon consideration, the Court finds that with these allegations, Rollen fails to assert specific facts establishing a conspiracy claim against Defendant Coates. Rather, Rollen makes only conclusory statements regarding both the alleged mutual understanding or meeting of the minds on the parts of Defendants Coates, Swoboda and/or Abt, and the alleged racial or class based discrimination underlying the conspiracy. Defendants' Motion to Dismiss Rollen's conspiracy claim with respect to Defendant Coates must therefore be granted. See, e.g., Smith v. Bacon, 699 F.2d 434, 436 (8th

Cir. 1983) (per curiam) (citation omitted) (allegations must include at least that "'defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding,'" and provide some facts suggesting a meeting of the minds); Alton, 2009 WL 2235913 at *2 ("Plaintiff's conspiracy claims are wholly conclusory and, as a result, fail to state a claim upon which relief can be granted").

## II. Exemplary Damages Against Defendant City Of Bowling Green

Defendants next assert municipalities are immune from the imposition of punitive damages under § 1983. (Defendants' Memo in Support, P. 3). In his response to Defendants' Motion to Dismiss, Rollen states he is not seeking exemplary damages against the City of Bowling Green. (See Plaintiff's Reply to Bowling Green's and Coates' Rule 12(b)(6) Motions to Dismiss ("Plaintiff's Reply"), ¶ 9; Memorandum in Support of Plaintiff's Reply to Bowling Green's and Coates' Rule 12(b)(6) Motions to Dismiss, P. 5). This portion of Defendants' Motion to Dismiss will therefore be denied as moot.

## III. Unreasonable Force Against Defendants City Of Bowling Green And Coates

Finally, Defendants assert Rollen's claims of unreasonable and excessive force on the parts of Defendants City of Bowling Green and Coates must be dismissed. (Defendants' Memo in Support, PP. 4-5). Again, Rollen concedes he is not claiming excessive force on the part of these Defendants. (See Plaintiff's Reply, ¶ 7 ("Deny that any claim for excessive force has been alleged against any Bowling Green defendant."). This portion of Defendants' Motion to Dismiss will therefore be denied as moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kevin Coates and the City of Bowling Green's

Motion to Strike Plaintiff's Amended Complaint for Violation of Civil Rights (Doc. No. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Kevin Coates and the City of Bowling Green's Motion to Dismiss Plaintiff's Amended Complaint for Violation of Civil Rights (Doc. No. 29) is **GRANTED** in part and **DENIED** as moot in part.[11]

Dated this 3rd day of August, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[11] The Court notes portions of Rollen's Amended Complaint were not subject to Defendants' Motion to Dismiss and thus survive.